## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| WILLIAM ABERNATHY WISE, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demand |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes Now the Plaintiff, William Abernathy Wise, by and through counsel, in the above-styled cause, and for his Complaint against the Defendant states as follows:

### JURISDICTION AND VENUE

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.* hereinafter "FCRA")), therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. This action is also brought under Alabama State Law. These claims are brought under 28 U.S.C. § 1332, as there exists complete diversity and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

3. Moreover, the State law claims are properly before this Court based upon principals of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the State law claims form part of the same case or controversy as the Federal claims as they are based upon substantially similar and overlapping facts.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events took place in this judicial district and the Defendant is subject to the personal jurisdiction of this judicial district.

## PARTIES

5. The Plaintiff, William Abernathy Wise (hereinafter "Plaintiff") is a natural person, over the age of nineteen years, who resides within this judicial district and division.

6. Defendant, Equifax Information Services, LLC (hereinafter "Defendant" or "Equifax") is a Georgia limited liability company with its principal place of business in the state of Georgia. Equifax engages in the business of maintaining and reporting consumer credit information and does business in this judicial district and division.

## FACTUAL ALLEGATIONS

7. Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq.*, and 1681a(f). Equifax renders services subject to the jurisdiction of the FCRA.

8. Among other services it renders, Defendant compiles and publishes credit data and or credit histories of individuals.

9. At its website (www.equifax.com), Equifax claims that it "empowers businesses and consumers with information they can trust." Equifax also claims that it "empowers individual consumers to manage their personal credit information, protect their identity, and maximize their financial well-being."

10. Equifax's credit report or file on any given individual is called a "Consumer Credit Report." In that report, Equifax represents to the individual that "[y]our credit file contains information received primarily from companies which have granted you credit and from public record sources. Great care has been taken to report this information correctly."

11. In this case, Equifax has reported and continues to report erroneous credit information about Plaintiff. Equifax apparently took no efforts at all to determine whether it was reporting true and correct information about the Plaintiff.

12. Further, when obvious errors in Plaintiff's Consumer Credit Report were brought to Equifax's attention, Equifax took no action at all to correct these errors. As a result, Plaintiff has been injured.

13. To understand the enormity of Equifax's errors, a review of Plaintiff's whereabouts for the last several decades is necessary.

14. Plaintiff retired from the United States Army in 1978.

15. Plaintiff was employed and resided in Saudi Arabia from 1979 until 1986.

16. Plaintiff was employed and resided in Spain from 1986 until 1989.

17. From 1989 until 1998, Plaintiff was employed and resided in Sinai, Egypt.

18. From 1998 until 1999, Plaintiff was employed by the Department of Energy, Grand Junction Office, Grand Junction, Colorado.

19. From 1999 until 2004, Plaintiff was employed by WASTREN Advantage, Inc. at the Center for Domestic Preparedness.

20. In Equifax's Consumer Credit Report for Plaintiff, Equifax reports that Plaintiff incurred the following debts or lines of credit on the dates set forth:

    3/73                    SouthTrust                  $1,000.00

| | | |
|---|---|---|
| 10/82 | Sears | $15,000.00 |
| 1/85 | SouthTrust | $1,500.00 |
| 6/86 | Bank of America | $4,100.00 |
| 5/89 | SouthTrust | $5,337.00 |
| 6/92 | SouthTrust | $45,629.00 |
| 7/92 | SouthTrust | $45,629.00 |
| 7/92 | Regions Bank | $17,710.00 |
| 8/93 | Bancorpsouth Bank | $8,527.00 |
| 6/94 | Avco Finance | $20,000.00 |
| 1/96 | SouthTrust | $8,110.00 |
| 6/96 | SouthTrust | $10,151 |
| 11/96 | Avco Finance | $11,402.00 |
| 11/96 | Citifinancial | $11,402.00 |
| 1/97 | Bancorpsouth Bank | $4,042.00 |
| 12/97 | Bancorpsouth Bank | $7,067.00 |
| 4/98 | Credit First | -/- |

21.   That is, Equifax reports that Plaintiff has incurred debts or lines of credit exceeding $200,000.00.

22. In fact, when each debt listed above was incurred, Plaintiff was either on active duty, or living in Spain, Egypt or Saudi Arabia. None of these debts are Plaintiff's.

23. The Plaintiff advised Equifax in writing that the Consumer Credit Report was in error. Equifax took no action in response.

24. Further, a brief study of the Consumer Credit Report reveals that Equifax has conflated Plaintiff with an unrelated individual, William Anthony Holder. The debts and credit history which Equifax reports as that of the Plaintiff are apparently that of William Anthony Holder.

25. Plaintiff has never held himself out by any other name, or used the alias "William Abernathy Holder."

26. Plaintiff has never incurred debts, of any description, using the name "William Abernathy Holder."

27. Defendant, Equifax is wrongfully reporting to the entire world that Plaintiff is indebted for debts which Plaintiff did not incur.

28. On April 8, 2008, the letter attached as Exhibit "A" was forwarded to Equifax by counsel for Plaintiff.

29. Equifax took no action in response to the April 8, 2008 letter, and continued to report untrue statements about Plaintiff.

30. On May 1, 2008, the letter attached as Exhibit "B" was forwarded to Equifax by counsel for Plaintiff.

31. Equifax took no action in response to the May 1, 2008 letter, and continued to report untrue statements about Plaintiff.

32. On June 6, 2008, Plaintiff was denied credit by the Pentagon Federal Credit Union because of the untrue information reported by Equifax.

33. Further, in 2008, Plaintiff was denied employment by the Department of Homeland Security because of the untrue information reported by Equifax.

34. Plaintiff has suffered emotional distress, lost wages, lost credit, and other damages as a direct proximate result of Equifax's actions and omissions.

35. As of the date of the filing of this Complaint, Equifax has not corrected its Credit Report for Plaintiff.

36. To the information and belief of Plaintiff, William Abernathy Holder is deceased.

## COUNT I
## Violations of FCRA

37. Plaintiff incorporates paragraphs 1-36 of this Complaint as though set-forth fully herein.

38. At all times pertinent hereto, Defendant Equifax were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

39. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for the following conduct:

   a. willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute to the furnishing entity, in violation of 15 U.S.C. § 1681i(a);

   b. willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. willfully and negligently failing to provide all relevant information provided by the Plaintiff concerning the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

  d. willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

  e. willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

  f. willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

  g. willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

  h. willfully and negligently failing to employ and follow reasonable procedures to assure the maximum accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

  i. willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being able to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

j. willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified; and,

k. willfully and negligently creating a "dummy account" under Plaintiff's name, birth date, and social security number.

42. The conduct of the Defendant Equifax was a direct and proximate cause, as well as substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff including by not limited to, adverse credit consequences, the lost opportunity to receive credit, damage to his reputation, worry, fear, distress, loss of sleep, frustration, embarrassment and humiliation, and the lost employment opportunities that are outlined more fully above and, as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II
## Statutory and Common Law Fraud/Suppression/Decit

43. Plaintiff incorporates paragraphs 1-42 of this Complaint as though set-forth fully herein.

44. Defendant Equifax is liable to Plaintiff for statutory and common law fraud, deceit and/or suppression for its wrongful actions and/or

inactions in connection with the credit monitoring service provided to Plaintiff.

45. Equifax misrepresented its intention to notify Plaintiff of key changes to his credit file and/or suppressed its intention not to notify Plaintiff of key changes to his credit file despite an obligation to do so based on the particular circumstances of this case, including but not limited to, the representations made as to the effect of the credit monitoring service and/or the confidential relationship of the parties.

46. Equifax's actions or inactions constitute common law fraud, deceit and/or suppression and are in violation of Ala. Code §§ 6-5-100, 101, 102, 103 and 104.

47. As a result of Equifax's fraud, deceit and/or suppression, Plaintiff has been caused to suffer damages, including but not limited to worry, fear, distress, loss of sleep, frustration, embarrassment and humiliation, the inability to obtain credit, and lost employment opportunities.

## COUNT III
## Breach of Contract

48. Plaintiff incorporates paragraphs 1-47 of this Complaint as though set-forth fully herein.

49. A valid and enforceable contract existed between Plaintiff and Equifax which contract required Equifax to notify Plaintiff of key changes to his credit file.

50. Equifax breached its agreement by failing to provide Plaintiff with notice of key changes to his credit file as contemplated by the agreement between the parties.

51. As a result of Equifax's breach, Plaintiff has been caused to suffer damages, including but not limited to worry, fear, distress, loss of sleep, frustration, embarrassment and humiliation, the inability to obtain credit, and lost employment opportunities.

## COUNT IV
## Invasion of Privacy/False Light

52. Plaintiff incorporates paragraphs 1-51 of this Complaint as though set-forth fully herein.

53. Defendant's above-described actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

54. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Equifax invaded Plaintiff's

right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

55. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable for compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT V
## Negligent and/or Wanton Conduct

56. Plaintiff incorporates paragraphs 1-55 of this Complaint as though set-forth fully herein.

57. Defendant Equifax's negligent and/or wanton conduct consists of the following:

    a. Violating the FCRA as set forth above;

    b. Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

13

c. Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

d. Failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors;

e. Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

f. Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

g. Failing to delete or correct the inaccurate information in subsequent consumer reports;

h. Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

i. Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

j. Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and,

  k. Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or inability to be verified.

  58. As a result of the above-mentioned conduct by Defendant, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

  59. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT VI
## Defamation

  60. Plaintiff incorporates paragraphs 1-59 of this Complaint as though set-forth fully herein.

  61. Defendant has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to Plaintiff.

  62. Defendant has published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

15

63. The statements made by Defendant are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

64. Defendant has published these statements to at lease every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

65. Defendant knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff notified them repeatedly through writing, telephone communications and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

66. Nonetheless, Defendant continues to publish the false and negative statements concerning the Plaintiff's credit history, at least until the filing date of Plaintiff's original Complaint.

67. The written statements and publications constitute libel per se.

68. The oral statements and publications constitute slander per se.

69. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors,

n/a

63. The statements made by Defendant are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

64. Defendant has published these statements to at lease every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

65. Defendant knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff notified them repeatedly through writing, telephone communications and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

66. Nonetheless, Defendant continues to publish the false and negative statements concerning the Plaintiff's credit history, at least until the filing date of Plaintiff's original Complaint.

67. The written statements and publications constitute libel per se.

68. The oral statements and publications constitute slander per se.

69. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors,

furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

70. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under law.

## **PRAYER FOR RELIEF**

**WHERFORE, PREMISES CONSIDERED,** Plaintiff requests a judgment against the Defendant as follows:

1. Actual damages in an amount to be determined by a jury;

2. Statutory damages, as appropriate;

3. Punitive damages in an amount to be determined by a jury;

4. Plaintiff's reasonable attorneys' fees and costs of this action, pursuant to 15 U.S.C. §§1681n, 1981o, and 1692k(a)(3);

5. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

6. An order directing that the defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and,

7. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

_____
Andrew C. Allen (ASB-3867-E56A)
Attorney for the Plaintiff

OF COUNSEL
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama 35203
(205) 323-1888
(205) 323-8907 (fax)
aallen@whitearnolddowd.com

s/ *E. Allen Dodd* (with permission)
E. Allen Dodd, Jr. (ASB-9800-O65E)
Attorney for the Plaintiff

OF COUNSEL:
Scruggs, Dodd & Dodd Attorneys, P.A.
Post Office Box 681109
Fort Payne, Alabama 35968
(256) 845-5932
(256) 845-4325 (fax)
eadscruggs@bellsouth.net

19

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

_____
Andrew C. Allen


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Equifax Information Services, LLC
c/o Kent E. Mast, Registered Agent
1550 Peachtree Street N.W.
Atlanta, Georgia  30309